**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

MEMO ENDORSEMENT

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 31, 2023

**BY ECF**

Duty Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Rm. 20A
New York, New York 10007

The terms of Mr. Bertini's pretrial release are modified as requested. SO ORDERED.

*Jennifer E. Willis*

Jennifer E. Willis, U.S.M.J.
2/1/2023

Re: **United States v. Daniel Bertini**
    **22-MJ-9775 (UA)**

Dear Judge:

Daniel Bertini, through undersigned counsel, respectfully submits this letter in support of his request to modify the terms of his pretrial release. Specifically, Mr. Bertini asks the Court to modify his home detention condition to allow for the regular use of his local gym. Mr. Bertini's substance abuse counselor at TRI Center – Frank Rupp – reached out to undersigned counsel via email on January 18, 2023 to recommend that Mr. Bertini supplement his treatment at TRI Center with physical exercise, as this would aid his substance use recovery. *See* Exhibit 1. If granted, Mr. Bertini would be working out Tuesday through Thursday from 8:00 a.m. to 9:30 a.m. at the Asser Levy Recreation Center located at 392 Asser Levy Place, New York, NY 10010. This gym is located approximately 1.5 miles from his home.

I.   Background

Mr. Bertini is currently out-of-custody on pretrial release in case number 22-MJ-9775, which charges him with two counts of non-violent attempted bank burglary. *See U.S. v. Bertini*,

22-MJ-9775 (UA) (Dkt. 1). He is also on release in case number 16-CR-00682, where he is alleged to have violated the terms of his supervised release. *See U.S. v. Bertini*, 16-CR-00682 (LAK). The government did not oppose Mr. Bertini's release in either case. He is thus out-of-custody on home detention.

Pursuant to his release conditions, Mr. Bertini has been attending weekly substance abuse treatment at the TRI Center, which is located in Manhattan. *See U.S. v. Bertini*, 22-MJ-9775 (Dkt. 4). On January 18, 2023, Mr. Bertini's primary counselor – Frank Rupp – reached out to undersigned counsel to recommend that Mr. Bertini supplement his treatment with physical exercise. *See* Exhibit 1. Accordingly, Mr. Bertini now seeks to amend the terms of his pretrial release to permit the use of a local gym several days per week during a specified time.

Undersigned counsel has conferred with the government and pretrial services about Mr. Bertini's motion. Pretrial Services, without explanation, opposes the requested relief and the government defers to Pretrial Services' recommendation.

## II. Law and Analysis

Title 18 United States Code § 3142(c)(3) authorizes judicial officers to modify the conditions of a defendant's pretrial release at any time. *See* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."). Courts have found that this authority "is based on the possibility that a changed situation or new information may warrant altered release conditions." *United States v. Dzhamgarova*, 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021) (internal quotations and citation omitted); *see United States v. Falcetti*, 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2022) ("Conditions of bail should properly be modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown."). Against this backdrop, it must be considered that the Bail Reform Act

requires "the pretrial release of a defendant subject to the least restrictive conditions or combination of conditions that will 'reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.'" *United States v. Diaz*, 2018 WL 5282882, at *2 (S.D.N.Y. Oct. 24, 2018) (citing 18 U.S.C. § 3142(c)(1)(B)).

Here, Mr. Bertini maintains that changed conditions warrant the modification of his current release conditions. Namely, in light of his counselor's recommendation that physical exercise would benefit his substance use recovery, this Court should permit Mr. Bertini to use his local gym during the requested period. Currently, Mr. Bertini is confined to the apartment that he shares with his mother. Such a space is simply not feasible to allow for the type of physical exercise that Mr. Bertini needs to promote his recovery.

Furthermore, given Mr. Bertini's demonstrated compliance with his release conditions over the past month and a half, there is good cause to find that the home detention condition currently imposed is not the least restrictive condition available to assure his appearance or the safety of the community. Indeed, Mr. Bertini does not seek free reign to move about New York City as he pleases. To the contrary, he is asking only for permission to work out at a local gym four days per week during a specific 1.5-hour time block. Moreover, this request is not a ruse by Mr. Bertini simply to get out of the house, but instead stems from a recommendation by his substance abuse counselor that Mr. Bertini supplement his treatment with physical exercise. Because granting the requested relief would advance Mr. Bertini's rehabilitation, this Court should amend the conditions of his pretrial release to allow for the use of his local gym.

<mark>Page 4</mark>

## III. Conclusion

For the reasons stated herein, Mr. Bertini respectfully requests that the Court modify the terms of his pretrial release to allow him to work out at the Asser Levy Recreation Center Tuesday through Thursday from 8:00 a.m. to 9:30 a.m.

Respectfully Submitted,

Kristoff I. Williams
Assistant Federal Defenders
Federal Defenders of New York
(212) 417-8791

Cc: United States Pretrial Services Officer Francesca Piperato (via email);
Assistant United States Attorneys Jonathan Bodansky (via ECF)